UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

SILAS L. JAMES,

    Plaintiff,

  v.             CAUSE NO. 3:22-CV-367-DRL-MGG

ST. JOSEPH CO. JAIL *et al.*,

    Defendants.

### OPINION AND ORDER

Silas L. James, a prisoner without a lawyer, filed a complaint against the St. Joseph County Jail, Sgt. Heath, and Sgt. Moreno. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Under 28 U.S.C. § 1915A, the court still must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Mr. James alleges that, on January 8, 2022, he had a towel on his head because he had symptoms consistent with Covid-19. Having a towel on his head at this time violated the jail's rules. Mr. James was told that, if he refused to remove the towel from his head, it would be treated as a refusal of his breakfast tray. He refused to remove the towel, and he was not provided with breakfast. He believes this is a violation of his rights.

Because Mr. James is a pretrial detainee, his claim must be assessed under the Fourteenth Amendment, which prohibits holding pretrial detainees in conditions that "amount to punishment." *Mulvania v. Sheriff of Rock Island Cnty.*, 850 F.3d 849, 856 (7th Cir. 2017) (quoting *Bell v. Wolfish*, 441 U.S. 520, 535 (1979)). The Fourteenth Amendment guarantees inmates "the minimal civilized measure of life's necessities," including adequate nutrition. *See Hardeman v. Curran*, 933 F.3d 816, 820 (7th Cir. 2019) (citations omitted); *Smith v. Dart*, 803 F.3d 304, 310 (7th Cir. 2015). If a pretrial condition falls below this level, a plaintiff must show the condition was the result of a defendant's purposeful, knowing, or perhaps reckless conduct and that the defendant's conduct was objectively unreasonable. *Miranda v. Cnty. of Lake*, 900 F.3d 335, 353-54 (7th Cir. 2018) (citing *Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2472-74 (2015)*)*. A defendant's conduct is objectively unreasonable if the challenged condition "is 'imposed for the purpose of punishment,' or . . . if the condition 'is not reasonably related to a legitimate goal—if it is arbitrary or purposeless[.]'" *Mulvania,* 850 F.3d at 856 (quoting *Bell*, 441 U.S. at 538-39).

Missing a single meal did not deny Mr. James the minimal civilized measure of life's necessities. "There is, of course, a *de minimus* level of imposition with which the Constitution is not concerned." *Ingraham v. Wright*, 430 U.S. 651, 674 (1977). There are many reasons why people, inmates and free citizens alike, will occasionally miss a meal. Furthermore, Mr. James could have had breakfast if he had only removed the towel from his head as required. He did not comply with a condition for receiving breakfast and so he was not given breakfast. He has only himself to blame for his missed meal. *See, e.g., Freeman v. Berge*, 441 F.3d 543, 545 (7th Cir. 2006) (inmate who was denied food because

2

he refused to comply with a prison rule requiring him to wear pants was "the author of his deprivation rather than a victim of punishment").

Mr. James also complains that not providing him with breakfast violated the jail's rules. The Constitution does not protect Mr. James from violations of the jail's policy. *See Scott v. Edinburg*, 346 F.3d 752, 760 (7th Cir. 2003) ("However, 42 U.S.C. § 1983 protects plaintiffs from constitutional violations, not violations of state laws or, in this case, departmental regulations and police practices."). Thus, Mr. James's complaint does not state a claim.

"The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). However, "courts have broad discretion to deny leave to amend where . . . the amendment would be futile." *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009). For the reasons previously explained, such is the case here.

For these reasons, this case is DISMISSED under 28 U.S.C. § 1915A.

SO ORDERED.

May 10, 2022                             *s/ Damon R. Leichty*
                                         Judge, United States District Court

3